UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HILDA SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> VIPSWITCH, INC., <br><br> Defendant. | CIVIL ACTION NO. |

COMPLAINT

Hilda Solis, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., and is brought to redress violations and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA pursuant to §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

(4) Defendant VIPswitch, Inc. ("VIPswitch" or the "Company") established, effective January 1, 2001, the VIPswitch, Inc., 401(k) Plan (the "Plan"), an employee pension benefit plan within the meaning of ERISA §3(2)(A), 29 U.S.C. §1002(2)(A), which is covered under ERISA pursuant to §4(a), 29 U.S.C. §1003(a).

(5) During the pertinent period of this complaint, which includes Plan years 2001 until the present (the "pertinent period"), Defendant VIPswitch was the Plan Sponsor, as defined by ERISA §3(16)(B)(i), 29 U.S.C. §1002(16)(B)(i), and was the Plan Administrator for the Plan and, as such, was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

(6) During the pertinent period, VIPswitch was the employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5), and was a corporation having an office and place of business at 278 Wethersfield Street, Rowley, Massachusetts 01969 within the jurisdiction of this Court. VIP Switch ceased operations in or around January 2005.

(7) The purpose of the Plan was to provide retirement benefits for the exclusive benefit of its participants, employees of VIPswitch.

(8) During the pertinent period, Defendant VIPswitch was responsible to ensure the continued prudent administration of the Plan, including its proper termination, and also was responsible to manage and control its assets.

(9) During the pertinent period, Daniel Lefebvre ("Lefebvre") was Chief Financial Officer of VIPswitch. In addition, Lefebvre served functionally as Plan Administrator and exercised discretionary authority or control respecting management of the Plan, and exercised authority or control respecting management or disposition of assets of the Plan. As such Lefebvre was, and is, a fiduciary with respect to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

(10) During the pertinent period, Luc Beaubien ("Beaubien"), the former President and CEO of the Company, was the Plan Trustee and exercised discretionary authority or control respecting management of the Plan, and exercised authority or control respecting management or

disposition of assets of the Plan. As such, Beaubien, was, and is, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). During the pertinent period, Beaubien was the only authorized signatory of the Plan.

(11)　The Secretary has been unable to contact either Lefebvre or Beaubien both of whom are believed to be residing in Canada.

(12)　Prior to ceasing operations in January 2005, VIPswitch failed to take steps to ensure the continuing prudent administration of the Plan.

(13)　During the pertinent period, Defendant VIPswitch failed to take fiduciary responsibility for the operation and administration of the Plan and failed to take proper control of its assets, including taking appropriate measures to effectuate the distribution of Plan assets to the participants and beneficiaries, and terminating the Plan.

(14)　No individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and management of its assets.

(15)　As of September 30, 2007, the Plan had two (2) participants and assets totaling $17,027.03.

(16)　Transamerica Life Insurance Company/Transamerica Retirement Services ("Transamerica") is a non-discretionary trustee of the Plan.

(17)　Transamerica is in possession of the assets of the Plan.

(18)　Transamerica will not release the proceeds of the assets of the Plan to the participants without receiving authorization from a fiduciary to the Plan.

(19)　As noted above, VIPswitch has abandoned the Plan.

(20)　The Plan has not been formally terminated.

(21)　As a result of the acts or omissions set forth at paragraph 13, Defendant

VIPswitch failed to discharge its fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A).

(22)    As a result of the acts or omissions set forth at paragraph 13, Defendant VIPswitch failed to discharge its fiduciary duties with care, skill, prudence and diligence, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

(23)    As a result of the conduct set forth at paragraphs 8 through 20, the Plan presently does not have a fiduciary with authority and discretion to manage and control its assets, operations and administration as required by ERISA § 402(a), 29 U.S.C. §1102 (a), and ERISA § 403 (a), 29 U.S.C. § 1103 (a), and there is no one other than this Court with the authority to appoint a new fiduciary with such necessary authority.

(24)    As a result of the conduct set forth at paragraphs 8 through 20, the remaining participants will be unable to obtain their appropriate Plan distributions pursuant to the terms of the Plan unless and until this Court appoints a fiduciary for the Plan.

(25)    As a result of the conduct set forth at paragraphs 8 through 20, the Plan's termination cannot be achieved unless and until this Court appoints a fiduciary for the Plan.

WHEREFORE, the Secretary of Labor prays that this Court enter an order:

a)    appointing an independent fiduciary to administer the Plan, and effectuate the proper distribution of Plan assets to the participants and thereafter to terminate the Plan; and

b)    providing such other relief as is just and equitable.

|  |  |
|---|---|
|  | M. Patricia Smith |
|  | Solicitor of Labor |
| Post Office Address: | Michael D. Felsen |
| U.S. Department of Labor | Acting Regional Solicitor |
| Office of the Solicitor |  |
| JFK Federal Building | /s/ Christine A. Collins |
| Room E-375 | Christine A. Collins |
| Boston, MA 02203 | Attorney |
| (617)565-2500 | BBO# 552660 |
|  |  |
|  | United States Department of Labor |
| Date: May 13, 2010 | Attorneys for Plaintiff |